FRED J. BERTSCH v. VARNUM LUMBER & FUEL COMPANY AND ANOTHER.

228 N. W. 2d 229.

February 21, 1975—No. 44994.

---

*Jardine, Logan & O'Brien* and *Graham Heikes,* for relators.
*Martin & Nelson* and *Dewey M. Nelson,* for respondent.

PER CURIAM.

Relators seek review of a decision of the Workmen's Compensation Commission awarding benefits to respondent-employee and an order denying relators' petition to vacate and modify the decision. The sole issues raised are the sufficiency of the evidence supporting the commission's finding that the employee is permanently and totally disabled and the legality of an award of permanent partial disability benefits based upon increasing the rating of permanent partial disability subsequent to the date after which the employee was determined to be permanently and totally disabled.

The employee fell at work in October 1962, injuring both ankles. Surgery was performed on one foot, leaving him with residual pronation deformity in that foot and permanent partial deformity of both feet. Pursuant to the healing-period termination in May 1963, the insurer paid the employee compensation representing permanent partial disability of 35 percent to the left foot and ankle and 10 percent to the right foot. Relators challenge the commission's decision increasing the rating of permanent partial disability of employee's left foot to 50 percent and awarding permanent total disability benefits after December 4, 1967.

After some 4 years of difficulty in obtaining, performing, and retaining employment, the employee was certified for retraining as an upholsterer by the Division of Vocational Rehabilitation. After completing this course he opened an upholstering business in his garage where, with the assistance of his wife, he has managed to earn a net profit of approximately $1,200 per year.

The employee's educational background and work history limit the range of his employment opportunities to manual labor. The medical testimony, although in dispute as to degree, showed the employee to have a permanent disability of the feet and ankles that restricted the amount of time that he could be on his feet and severely limited his agility and his ability to bend, stoop, pull, walk, and lift. In other words, his disability restricted those skills which are necessary to a manual laborer.

Two experts, one an employment counselor with the Department of

Manpower Services and the other a court-appointed expert in upholstering, concurred in the opinion that the employee is vocationally maladapted to the upholstery trade because of his physical disability. His work history subsequent to the injury vividly represents the permanence and totality of the disability. Although he has derived some income from his upholstery business, it is the rule in Minnesota that such marginal income does not preclude a determination of permanent and total disability. Fink v. Cold Spring Granite Co. 262 Minn. 393, 115 N. W. 2d 22 (1962).

Minn. St. 176.101, subd. 5, defines "total disability" as meaning, among other things, "any other injury which totally incapacitates the employee from working at an occupation which brings him an income." In interpreting this language, we have formulated the rule that—

"* * * a person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." Schulte v. C. H. Peterson Const. Co. 278 Minn. 79, 83, 153 N. W. 2d 130, 133 (1967).

In Green v. Schmahl, 202 Minn. 254, 256, 278 N. W. 157, 158 (1938), we made the following observation:

"* * * [S]poradic competence, occasional, intermittent, and much limited capacity to earn something somehow, does not reduce what is otherwise total to a partial disability. The statutory phrase 'working at an occupation which brings him an income;' like that of insurance 'following any occupation,' implies at least a reasonable degree of continuity of occupational capacity."

The commission's concurrent award of an increase in the rating of permanent partial disability of the employee's left foot and ankle is not barred by our recent decision in Boquist v. Dayton-Hudson Corp. 297 Minn. 14, 209 N. W. 2d 783 (1973). We there held that an award of permanent and total disability benefits precludes an award of benefits for a less disabling condition of permanent partial disability during the same period of time. In this case, the additional award of permanent partial disability represented 113.85 weeks beginning on May 21, 1963, and ending well before the period of permanent and total disability.

We have carefully reviewed the record and conclude that the commission's determination of permanent total disability and increased rating of permanent partial disability are supported by substantial evi-

dence and must be affirmed. Minn. St. 15.0425(e); Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971).

Respondent is awarded $350 attorneys fees on this appeal.

Affirmed.